GARDINER, Judge.
Plaintiff filed suit against the parents[1] of three minor boys to recover $317.50, the value of a motorbike the youths allegedly misappropriated, misused and ultimately demolished.
Defendants answered denying liability. Defendant, Louis W. Stoyka, alleged t.hat he was merely the stepfather of one of the minors and, therefore, is not responsible for any damages suffered by plaintiff. He then reconvened to recover $1,000.00 as damages for what he styled “abuse of process.” Plaintiff answered his reconven-tional demand denying liability.
The First Parish Court for the Parish of Jefferson awarded plaintiff $296.00 in damages for the demolished motorbike and rendered judgment for damages against defendants Mrs. Stoyka and Geraci in solido. Defendant Stoyka’s reconventional demand was dismissed at his cost. Defendant parent, J. D. Jacob, who represented himself in propria persona, was also cast in solido and did not appeal from the judgment.
An appeal was taken by the other two parents cast in judgment, Mrs. Louis W. Stoyka and J. H. Geraci. In addition, defendant Stoyka appealed from that part *671 of the judgment which dismissed his re-conventional demand.
On the main demand, the only issue presented by this appeal is whether plaintiff proved his claim by a preponderance of the evidence.
Plaintiff testified that he was the owner of the motorbike; that it had been stolen from his residence sometime in the evening of June 29, 1966; that the motorbike was recovered on July 2, 1966, and returned to him by two deputy sheriffs; that it was “wrecked” and a total and complete loss; that he was unable to say who stole the motorbike. The deputy sheriff testified that he investigated the matter and questioned the three juveniles; one admitted that he stole the motorbike from plaintiff’s residence and that the two other minors involved had asked him to tell them where it could be located, and they were told that it could be found on a vacant lot where he had left it after riding it around the neighborhood. The deputy also stated that the two juveniles said they found the motorbike in the vacant lot and rode it until it would no longer function so they threw it into the West Napoleon Canal, and it was recovered from the canal by the deputies.
The defendants’ attorneys objected to the introduction of the testimony by the deputy sheriff on the ground that it was hearsay but the trial judge, nevertheless, heard and considered it.
The Supreme Court held, in Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373, that an admission by a minor respecting the commission of an offense was hearsay and clearly inadmissible in a suit against the father to recover damages therefor, citing Toca v. Rojas, 152 La. 317, 93 So. 108, and Rush v. Town of Farmerville, 156 La. 857, 101 So. 243. In the Rush case, the Supreme Court said that “the law makes the father personally liable in damages for the offenses and quasi offenses of his minor child, residing with him. In suits of this character, the minor is not a party to the suit; the father being the real litigant in interest.”
The admissions of the minors to the deputy sheriffs are not binding upon defendants in this suit and were inadmissible. It is hearsay evidence, and cannot be considered to prove plaintiff’s allegations. The trial judge based his judgment in favor of plaintiff on the fact that he had proved his demands by a preponderance of the evidence. In making this determination, the trial judge was in error. With the exclusion of the inadmissible testimony we find plaintiff has failed to carry the burden of proof required to sustain his claim.
Next we turn to the appeal of defendant Stoyka in which he asserts that his reconventional demand was improperly dismissed. Appellant complains that the trial court rendered judgment on the re-conventional demand at the same time he rendered judgment on the main demand and the reconventional demand was never set for trial.
The record reflects that after issue was joined on the reconventional demand, all parties received notices that this “case is fixed for trial on the merits * * Defendant Stoyka urges this notice simply had the effect of fixing the main demand for trial. He takes the position that in order for the reconventional demand to be considered, this must be fixed for trial separately.
We find no merit in this contention. As defined by C.C.B. art. 1031, a reconven-tional demand is an incidental demand. In order that the claimant in a reconven-tional demand might be entitled to a trial separate from that one in which the principal demand is prosecuted, C.C.P. art. 1038 clearly requires that an order for a separate trial must be rendered. Defendant Stoyka has failed to obtain such an order; therefore, he should have been prepared to present his reconventional demand when the trial of the case on the merits was set.
*672 The trial court properly dismissed the reconventional demand since no evidence was presented to support the claim. Our law requires that a reconventional demand be proved by a preponderance of the evidence. Sharp v. Travelers Indemnity Company, La.App., 122 So.2d 833; Skelly v. Williams, La.App., 154 So. 750.
For the reasons assigned, the judgment in favor of plaintiff, Robert H. McCrossen, and against defendants, Mrs. Myrtle E. Albe, divorced wife of Ransom G. Carter, now the wife of Louis W. Stoyka, and J. H. Geraci, is reversed, and judgment is now rendered in favor of said defendants rejecting plaintiff’s demands and dismissing plaintiff’s suit as to them. The judgment dismissing the reconventional demand of Louis W. Stoyka is affirmed; in all other respects the judgment appealed from is affirmed. Cost of the proceedings are to be divided equally among all parties cast therein.
Affirmed m part, reversed in part.

. Mrs. Myrtle E. Albe, divorced wife of Ransom G. Carter, now the wife of Louis W.. Stoyka, is the mother of Alvin Carter; he resides with his mother and his stepfather, Louis W. Stoyka; J. D. Jacob is the father of Rickey Jacob; and J. H. Geraci is the father of Theodore Geraci.