366 So.2d 1051 (1978)
James E. BRELAND and Janice I. Breland, Plaintiffs and Appellees,
v.
ALL AMERICAN ASSURANCE COMPANY, Defendant and Appellant,
Howard Miley, Third Party Defendant.
No. 12355.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
*1052 Jim W. Richardson, Jr., Bogalusa, counsel for plaintiffs.
Durwood W. Conque, Abbeville, counsel for All American Assur. Co.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
This is an appeal by defendant, All American Assurance Company, from a judgment of the trial court which found that plaintiffs, James E. Breland and Janice I. Breland, were covered under a group health and accident insurance policy issued by it, and awarded benefits plus statutory penalties and attorney's fees. Defendant also appeals the dismissal of its third party demand against Howard Miley, the agent who sold the policy.
On September 18, 1975, plaintiffs purchased a membership in the American Motor Club from Miley. The annual dues were $95, which the application stated had to be "paid in full within 60 days of date of application (or) the membership will automatically become null and void and the services and benefits will no longer be in force." Plaintiffs paid $40, and were told by Miley that they could pay the $55 balance in monthly installments of $10 beginning December 1, 1975.
One of the benefits of membership is the group policy here sued upon.
On September 25, 1975, Mrs. Breland was involved in an automobile accident and filed a claim on the group policy which was honored by defendant.
*1053 Plaintiffs sent a $10 payment to defendant on December 1, 1975. Defendant negotiated plaintiffs' check and accepted this partial payment.
Mrs. Breland was involved in another automobile accident on December 28, 1975, and thereafter filed another claim under the group policy.
Defendant denied this claim contending that its agent, Miley, had no authority to extend the 60 day delay for payment of dues and that, inasmuch as plaintiffs failed to pay the dues in full within the 60 day period, plaintiffs' membership and their coverage under the group policy were automatically cancelled prior to the second accident.
The question presented is whether the benefit of the group insurance policy was "automatically" cancelled when plaintiffs failed to pay the dues in full within the stated period.
We answer in the negative. Louisiana's insurance laws require that written notice of cancellation must be actually delivered or mailed to the insured before a cancellation can be effective. LSA-R.S. 22:636. See also LSA-R.S. 22:636.3 (added by Acts 1976, No. 203, sec. 1). Consequently, plaintiffs membership could have been automatically cancelled when the dues were not paid in full within the 60 day period,[1] but coverage under the group policy could not have been cancelled without the notice required by LSA-R.S. 22:636.
Defendant argues that plaintiffs were informed by the application and by several correspondences that the membership and all benefits (including the group insurance coverage) would be cancelled absent payment in full.
We do not find that these anticipatory statements of possible cancellation satisfy the notice requirement of LSA-R.S. 22:636. The Supreme Court stated in Broadway v. All-Star Insurance Corporation, 285 So.2d 536, 539 (La.1973), in interpreting the notice requirement under LSA-R.S. 22:636:
"The purpose of notice of cancellation is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection." (citation omitted).
The only effective notice of cancellation is dated January 15, 1976, which is after the accident for which coverage is sought.
The trial court correctly found that the group policy afforded coverage to plaintiffs.
Defendant also contends that the trial court erred in assessing penalties and attorney's fees, and in any event miscalculated the amount of the statutory penalty. Defendant argues that this suit involves a res novo issue of contract interpretation.
We believe that there is sufficient evidence to support the trial court's award of penalties and fees under LSA-R.S. 22:657(A). This case is not concerned with either res novo issues or a question of interpretation of the insurance contract. To the contrary, it involves the denial of insurance benefits based on an attempted cancellation which did not in any way comply with the notice requirements of the insurance code. LSA-R.S. 22:636.
Regarding the amount of the statutory penalty to be assessed, the Third Circuit in O'Donovan v. Bankers Life and Casualty Company, 305 So.2d 643, 649 (La.App. 3rd Cir. 1974) stated:
"As to the amount thus due, LSA-R.S. 22:657(A) clearly provides for a penalty of `double the amount of health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court.'
"This `double the amount' provision has, however, been interpreted to mean the plaintiff is only entitled to recover twice the amount of benefits due (or 100% of the benefits due as a penalty) rather than double the amount of benefits as a penalty, *1054 in addition to the amount of benefits." (citations omitted).
Therefore, the trial court incorrectly assessed defendant double the amount due ($1,100) plus the amount of benefits ($550). This award will be reduced to allow a penalty of $550 together with the $550 due as benefits under the policy.
We do not believe that the trial court's award of $1,000 as attorney's fees should be modified, since we find it neither excessive nor inadequate.

THIRD PARTY DEMAND
Defendant contends that the trial court erred in dismissing the third party demand against Miley.
Miley has neither filed an answer nor made an appearance in the trial court. The record fails to show that a preliminary default was entered prior to the day of trial, January 3, 1978. Therefore the third party demand against Miley could not have been fixed for trial. LSA-C.C.P. art. 1571. See Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir. 1964).
While defendant had a preliminary default entered against Miley on February 6, 1978, there is nothing in the record to show that this default was confirmed in accordance with LSA-C.C.P. art. 1702. Accordingly, no judgment could have been rendered on the third party demand.
For the above reasons, the judgment of the trial court is amended to reduce the statutory penalty to the sum of $550, amended to annul and set aside the part thereof that dismisses the third party demand against Howard Miley, and affirmed in all other respects at defendant's cost.
AMENDED AND AFFIRMED.
NOTES
[1] We need not and do not reach the issues of 1) whether or not the agent exceeded his authority or 2) whether or not defendant is estopped from denying coverage.