STOKER, Judge.
At issue in this appeal is the right to proceed under a pleading filed by the defendants and entitled a “Supplemental and Amending Answer and Reconventional Demand” by which they seek to assert a claim for damages allegedly caused by the wrongful issuance of a preliminary injunction and for attorney’s fees. The defendants sought to amend their answer after the judgment denying the plaintiffs’ preliminary and permanent injunctions became final. The resolution of the principal issue in this case rests upon a determination of whether or not the original answer incorporated a re-conventional demand.
A brief summary of the phases of this litigation is necessary to understand the issue presented by this appeal.
On June 12, 1978, Lovelace Greene and Eva Amelia Greene filed suit against Roy Greene, Warren J. Greene and Russell Roy *61 Greene seeking judicial recognition of certain predial servitudes and for the enforcement of these through preliminary and permanent injunctions. On June 26, 1978, the trial court initially granted a preliminary injunction. The defendants filed an answer on June 29, 1978, and a trial on the merits was held on July 17, 1978. The trial judge signed a judgment September 1, 1978, dissolving the preliminary injunction and denying a permanent injunction. Plaintiffs appealed to this court and on June 29,1979, a panel of this court affirmed the decision of the trial court. See Greene v. Greene, 373 So.2d 756 (La.App. 3rd Cir. 1979). On November 1, 1979, the Supreme Court denied a writ of certiorari. 377 So.2d 118 (La.1979).
On December 13, 1979, the defendants Roy Greene, Russell Roy Greene, and Warren J. Greene, filed the pleading which forms the subject of the present controversy. Defendants filed a “Supplemental and Amending Answer and Reconventional Demand” in this action seeking to recover for damages allegedly sustained as the result of the trial court’s wrongful issuance of the preliminary injunction and attorney’s fees incurred in obtaining the dissolution of the preliminary injunction.
The defendants-in-reconvention (plaintiffs in the original suit) filed three peremptory exceptions:
(1)An exception of prescription based upon LSA-C.C. art. 3536 leveled at the claim for damages allegedly caused by the wrongful issuance of the preliminary injunction.
(2) An exception of prescription based upon LSA-C.C. art. 3536 leveled at the claim for attorney’s fees; and
(3) An exception of no cause of action alleging that LSA-C.C.P. art. 3608 does not sanction an award of attorney’s fees for defending injunctive relief cases on the merits.
The trial court sustained all three peremptory exceptions and dismissed the re-conventional demand. The plaintiffs-in-re-convention, Roy Greene, Russell Roy Greene and Warren J. Greene, appeal.
The appellants advance two theories in support of their argument that their claims for damages and attorney’s fees are not prescribed. Primarily, the appellants contend that Paragraph XXIX and XXX[1] coupled with language in the prayer of their original answer filed on June 29, 1978, constitute a reconventional demand. Appellants urge us to hold that prescription was interrupted as provided by LSA-C.C. art. 3518 by the filing of “suit” through the reconventional demand. The appellants maintain that they prayed for relief and damages in Paragraphs XXIX and XXX of their original answer and therefore asserted a reconventional demand which was tantamount to filing suit under LSA-C.C. art. 3518. Appellants argue that the trial court recognized their reconventional demand in its judgment when it reserved to them the right to proceed for damages sustained as a result of the wrongful issuance.[2]
*62 Appellants advance the second argument that the trial court judgment was a money judgment rendered in their favor, the value of which was to be determined later. The main thrust of both of appellants’ arguments is that their original answer incorporated a reconventional demand and therefore interrupted prescription on the claims for damages and attorney’s fees and that the “Supplemental and Amending Answer and Reconventional Demand” is a mere continuation of the cause of action asserted originally on June 29, 1978. Appellants maintain that they are now entitled to prove the damages that they sustained.
Some justification exists for deeming the Greenes’ pleading denominated “Answer” to have also constituted a recon-ventional demand. It has been held that a reconventional demand inserted in an answer is nevertheless not part of the answer but is a petition setting forth a distinct cause of action. The case of Mexic Bros. Inc. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir. 1966) stated that proposition as dicta although in so doing it quoted from the Louisiana Supreme Court case of Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869 (1925). In paragraph XXIX of their answer the Greenes allege that they were entitled to damages for wrongful issuance of the preliminary injunction on June 26, 1978. Tr. 76. In paragraph XXX of their answer the Greenes allege that they “reserve the right to amend this Answer to allege the specific items damaged.” The prayer contained a demand for judgment not only rejecting plaintiffs’ demands for dissolving the injunction, but “decreeing the Defendants entitled to damages for the wrongful issuance thereof.” Therefore, one may reasonably conclude that plaintiffs were put on notice that damages were being demanded of them, the itemization of which would be supplied by amendment.
The Code of Civil Procedure provides that when an incidental demand is incorporated in an answer “the caption shall indicate appropriately the dual character of the combined pleading.” LSA-C.C.P. art. 1032. Accordingly, the demands of the Greenes should have been indicated by appropriate captioning in the original answer. However, we have not found any sanction for failure to so caption an answer containing an incidental demand. The jurisprudence has been quite liberal in this regard, and no penalties have been applied for failure to comply with Article 1032 absent prejudice to the opposing party. Higdon v. Higdon, 385 So.2d 396 (La.App. 1st Cir. 1980); Cvitanovich v. Sorli, 347 So.2d 1204 (La.App. 1st Cir. 1977); and Lewis Chevrolet Company v. Whitener, 122 So.2d 880 (La.App. 1st Cir. 1960).
Assuming that the allegations contained in the original answer of the Greenes constitute the assertion of a reconventional demand as they now contend, we note that the case went to trial without the reconven-tional demand ever having been answered. No preliminary default was entered on behalf of reconvenors. Therefore, the recon-ventional demand was not at issue when the trial took place. LSA-C.C.P. arts. 1701-1703. Consequently, no judgment on the reconventional demand could have been rendered following the trial. Breland v. All American Assurance Co., 366 So.2d 1051 (La.App. 1st Cir. 1978).[3]
Continuing the assumption that the answer contained a reconventional demand, the reasonable conclusion is that by allowing the parties to go to trial on the principal demand the trial court’s action resulted in providing for separate trials of the principal demand and the incidental demand. Trial courts are authorized to order separate trials of the principal demand and incidental demand by LSA-C.C.P. art. 1038. Under that article the trial court "... after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.”
*63 After due consideration we hold that defendants’ original answer did set forth a reconventional demand. Although the language of the allegations and the prayer which articulated the reconventional demand may be couched in somewhat unusual terms, the pleading fairly put plaintiffs on notice of the reconvenors’ demands with the exception of the itemization of the damages claimed. As to the itemization the pleading stated that the itemization would be supplied by amendment. Therefore, we are of the opinion that the Answer containing the reconventional demand filed by the defendants on June 29, 1978, served to interrupt the running of prescription on any valid claim the defendants may have. We reverse the trial court’s decision insofar as it sustained the exceptions of prescription because we find the reconventional demand was timely filed.
Under our resolution of this matter we find it unnecessary to consider the effect of the trial court’s judgment signed on September 1,1978, reserving to reconvenors the right to pursue their claim for damages.
We now turn to the question of whether the trial court erred in sustaining the exception of no cause of action. The trial court gave neither written nor oral reasons for sustaining the exceptions. Paragraph IV of reconvenors’ “Supplemental and Amending Answer and Reconven-tional Demand” filed December 13, 1979, reads as follows:
“IV
“That in addition to above damages and loss, your Respondents were required to employ an Attorney to represent them in these proceedings for the purpose of defending the same and obtaining the dissolution of said temporary restraining order, which Attorney’s fees amounted to FIVE THOUSAND TWO HUNDRED TWENTY FIVE AND NO/lOO ($5,225.00) DOLLARS.”
At least for dissolving the injunction, re-convenors may recover attorney fees. LSA-C.C.P. art. 3608 states:
“The court may allow damages for the wrongful issuance of a temporary restraining order or a preliminary injunction on a motion to dissolve or on a recon-ventional demand. Attorneys’ fees for the services rendered in connection with the dissolution of a restraining order or a preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after the trial on merits.”
Inasmuch as a cause of action exists for attorney’s fees on one valid basis, the exception of no cause of action should have been overruled. Guiffrida v. Bourque, 374 So.2d 1265 (La.App. 3rd Cir. 1979); Little v. Haik, 246 La. 121, 163 So.2d 558 (La.1964). Consequently, we reverse the trial court’s judgment with reference to this exception.
For the foregoing reasons the judgment of the trial court of July 2,1980, is reversed. It is now ordered, adjudged and decreed that the exceptions of prescription and no cause of action be and they are hereby overruled, and this case is remanded to the trial court for further proceedings consistent with the views expressed herein. The costs of this appeal are assessed equally to appellants and appellees.
REVERSED AND REMANDED.

. Paragraphs XXIX and XXX of the appellants’ original answer read as follows:
“XXIX.
“That the preliminary injunction issued herein was wrongfully issued, and that your Defendants are entitled to damages for said wrongful issue.
“XXX.
“Defendants reserve the right to amend this Answer to allege the specific items damaged.”
The prayer of the original answer reads as follows:
“WHEREFORE, Defendants pray that their Answer be deemed good and sufficient and that after due delays and proceedings had that there be Judgment herein in favor of Defendants, rejecting the demands of Plaintiffs, and further dissolving the preliminary injunction issued herein and decreeing the Defendants entitled to damages for the wrongful issuance thereof.
“Defendants further pray for all costs of these proceedings and for all general and equitable relief.”

. The trial court’s judgment provides in pertinent part:
"... and further dismissing Plaintiffs’ suit, subject, however, to the reservation of the rights of the Defendants in this suit to proceed hereafter for whatever damages they may have sustained on account of the wrongful issuance of the Writ; all costs to be paid by the Plaintiffs.”

. See McCrossen v. Stoyka, 218 So.2d 669 (La. App. 4th Cir. 1969) for an analogous case in which the reconventional demand was dismissed for failure of the reconvenor to introduce evidence in support of his claim. There the reconventional demand had been put at issue.