753 So.2d 955 (2000)
Rhonda M. GUY, Individually and for the Use and Benefit of her Minor Children, Corey Guy and Jerrel Guy
v.
Patricia A. McKNIGHT, State Farm Mutual Automobile Insurance Company and Allstate Indemnity Company.
No. 99-CA-2284.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2000.
*956 Clifford E. Cardone, Roslyn G. Taylor, Cardone Law Firm, New Orleans, LA, Attorneys for Plaintiff/Appellant, Rhonda Guy.
Vance W. Ott, Donovan & Lawler, Metairie, LA, Attorney for Defendant/Appellee, Allstate Insurance Company.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER and Judge JAMES F. McKAY, III.
WALTZER, Judge.
Plaintiff, Rhonda Guy, appeals a summary judgment dismissing all claims against defendant, Allstate Insurance Company[1]. Guy argues that the summary judgment was wrongly granted since the record evidence presents a genuine issue of material fact.

FACTS AND PROCEDURAL HISTORY
On 25 April 1997, Guy and her two minor children were injured in a car accident. She sued the driver of the other car, that driver's insurer and her insurer, Allstate, under an uninsured/under-insured policy. The other driver and her insurer, State Farm, settled all claims against these defendants. By order dated, 8 March 1999, Guy dismissed all claims against the other driver and State Farm, reserving all rights against Allstate.
*957 Allstate moved for summary judgment to dismiss all claims against it arguing that the insurer had canceled the insurance policy, because Guy failed to pay the premium. Guy opposed the motion arguing that genuine issues of material fact existed. On 28 May 1999, the trial court heard the motion, and on 14 June 1999, the trial court granted Allstate's motion for summary judgment dismissing all claim's against the insurer. Guy appeals arguing that Allstate did not prove that the insurer had proved cancellation of the policy and that a genuine issue existed as to whether the policy was reinstated by Guy's payment.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1182.
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprise v. First National Bank, 98-0465 (La.App. 4 Cir. 10/14/98); 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, no genuine issue of material fact exists. LSA-C.C.P. art. 966 C(2).
The recent amendments to LSA-C.C.P. art. 966 model the federal standard for summary procedure under Rule 56© of the Federal Rules of Civil Procedure. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied 97-0281 (La.3/14/97): 690 So.2d 41. La. Acts No. 483 of 1997 amended LSA-C.C.P. art. 966 to incorporate the Hayes analysis.
When the non-moving party bears the burden of proof at trial, there is no genuine issue of material fact if the non-moving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that this party can satisfy his substantive evidentiary burden. Summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. If the defendant in an ordinary civil action moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair minded jury could return a verdict for the non-moving party on the evidence presented. The mere existence of a scintilla of evidence on the non-moving party's position will not be sufficient, but there must be evidence on which the jury could reasonably find for that party. After adequate time for discovery and upon motion, LSA-C.C.P. art. 966 requires entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof.

*958 DISCUSSION
Allstate moved for summary judgment arguing that it had canceled the insurance policy issued to Guy several months prior to the accident upon which she now sues. Allstate supported this motion with the affidavit of Ronda Burton, Education Technology Manager for Allstate. Burton stated that Allstate mailed a cancellation notice to Guy on 6 January 1997, at Guy's last known address, informing her that her premiums were past due and her policy would be canceled for nonpayment of premiums if not paid on or by 26 January 1997. Furthermore, Burton stated that Guy did not pay her premiums and the policy was canceled on 26 January 1997.
LSA-R.S. 22:636.1, subd. A(6) provides,
Nonpayment of premium means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent, or indirectly under any premium finance plan or extension of credit.
A notice of cancellation based upon nonpayment of premium is effective when mailed to the insured at least ten days before the cancellation date. LSA-R.S. 22:636.1, subd. D(1).
Proof of mailing of notice of cancellation to the named insured at the address shown on the policy, shall be sufficient proof of notice.
LSA-R.S. 22:636.1, subd. F; Dufrene v. Dixie Auto Insurance Company, 376 So.2d 507, 509 (La.App. 4 Cir.1979).
Proof of mailing notice of cancellation creates a rebuttable presumption that the notice of cancellation was received by the insured, and this presumption can be rebutted by affirmative evidence of nondelivery. LSA-R.S. 22:636.1; Summerville v. Sovereign Fire and Casualty Insurance Company, 587 So.2d 715, 718 (La.App. 2 Cir.1991).
Allstate supported its motion for summary judgment with evidence that a notice of cancellation was mailed to Guy, the insured. Therefore, the burden of proof shifted to Guy to rebut the presumption and offer proof that she did not receive the notice. Guy neither argued that she did not receive the notice nor did she offer any evidence. For these reasons, we find no error with the trial court's summary judgment dismissing all claims against the insurer, Allstate.
Guy argues that genuine issues of material fact exist. Guy offered two canceled checks. She did not offer any other evidence in opposition to the motion for summary judgment. Although the checks were canceled after the notice of cancellation, we do not find this fact persuasive. Guy relies on Lewis v. Rodriguez, 95-1035 (La.App. 3 Cir. 3/20/96); 671 So.2d 1062. However, Lewis is clearly distinguishable. In Lewis, the court considered the issue "whether the policy was reinstated, as had happened so many times before, by the continued conduct of business as usual after the notice of cancellation," and it found that the record contained sufficient evidence to present a genuine issue of material fact. We find no such evidence in the record before us on appeal.

CONCLUSION
For the above reasons, we affirm the summary judgment dismissing all claims against the insurer, Allstate.
AFFIRMED.
NOTES
[1] This dismissal puts an end to the lawsuit, since Guy has settled her claims with the other defendants.