STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW03-0029

ERIC GLYNN

VERSUS

DIAMOND STATE INSURANCE, ET AL

**********

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 01-663
HONORABLE JESSE PHILLIP TERRELL, JR., DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, Michael G. Sullivan, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

WRIT GRANTED AND MADE PEREMPTORY.
MOTION TO STRIKE NOT CONSIDERED.

Saunders, J., dissents and assigns written reasons.

Keith Michael Borne
Borne, Wilkes & Brady
Post Office Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANT/APPLICANT:
    Safeway Insurance Company of Louisiana

**Michael Thomas Johnson**
**Attorney at Law**
**Post Office Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
    **State Farm Insurance Co.**
    **Cory Brevelle**

**W. Jay Luneau**
**Luneau Law Office**
**1239 Jackson Street**
**Alexandria, LA 71301**
**(318) 767-1161**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Eric Glynn**

**Richard Alan Rozanski**
**Wheelis & Rozanski**
**Post Office Box 13199**
**Alexandria, La 71315-3199**
**(318) 445-5600**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Allstate Insurance Company**

**Kim Segura Landry**
**Attorney at Law**
**1518 Highway 30 East**
**Gonzales, LA 70737**
**(225) 644-6100**
**COUNSEL FOR DEFENDANTS/RESPONDENTS:**
    **Direct General Insurance Co.**
    **Stacy Mayeux**

**Valerie M Thompson**
**Attorney at Law**
**Post Office Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **State Farm Insurance Co.**

AMY, Judge.

The plaintiff seeks damages related to an automobile accident. The defendant automobile insurance company filed a motion for summary judgment alleging that it did not provide coverage for the accident as the policy at issue had been canceled. The trial court denied the motion for summary judgment. The insurance company seeks review of that denial. For the following reasons, we reverse the trial court's determination and enter summary judgment in favor of the insurer.

**Factual and Procedural Background**

The plaintiff, Eric Glynn, filed a petition for damages on December 12, 2001. The petition alleged injury as the result of a January 2, 2001 automobile accident. The accident involved a number of vehicles, including one driven by James Knapp. Mr. Knapp, along with his alleged liability insurer, Safeway Insurance Company, were among those named as defendants.

On June 21, 2002, Safeway Insurance Company filed a motion for summary judgment, alleging that it did not provide liability coverage on Mr. Knapp's vehicle at the time of the January 2001 accident. Safeway asserted that the policy had been canceled effective October 30, 2000.

In support of its motion, Safeway introduced the affidavit of Paula Thibodeaux, Underwriting Manager at Safeway, who stated that she has access to the insurer's records and that her review indicates that the company issued a policy to James Knapp for the period from May 30, 2000 to November 30, 2000. However, a premium of $132.00 due on September 27, 2000 was unpaid. Due to this, Ms. Thibodeaux explained in the affidavit, a Notice of Cancellation or Termination was mailed on October 16, 2000. The effective date of the cancellation was October 30, 2000.

Several exhibits were attached to Ms. Thibodeaux's affidavit. Exhibit A is the Declaration Page of the Policy, which names Mr. Knapp as an insured, identifies the $10,000 policy limit, sets forth the premium for the period, and indicates the policy period as beginning March 30, 2000 and ending on November 30, 2000. Exhibit B is a "Notice of Installment Payment Due" identifying a $132.00 installment payment due on the policy on September 27, 2000. Exhibit C is a document entitled "Notice of Cancellation or Termination" indicating that the policy will be canceled/terminated on October 30, 2000. The reason listed is "Non-Payment of Premium." The document contains "10-16-00" as its date of mailing. Finally, Safeway attached Exhibit D, a "Cancellation Register" listing a number of policies, identified by number, insured, and insured's address, that were to be canceled effective October 30, 2000. Mr. Knapp's policy is among those listed. The record also contains a subsequent page to this register, which bears a postal mark of October 16, 2000.

The plaintiff opposed the motion for summary judgment, alleging that the affidavit was not based upon the personal knowledge of Ms. Thibodeaux and asserting that the defendant failed to offer actual proof of the mailing of the cancellation notice.

The trial court denied the motion for summary judgment. Safeway filed a supervisory writ application seeking a reversal of the denial of the motion for summary judgment. The writ application was granted by this court for purposes of briefing and a full opinion. After the insurer filed a supplemental brief with this court, the plaintiff filed a Motion to Strike, alleging that the insurer impermissibly raised the issue of whether the policy had expired,[1] in addition to having been canceled. A ruling on the motion was deferred to consideration on the merits of the application.

---

[1] The Declaration Page of the Policy lists the policy period as "5/30/00 at 12:45 PM To 11/30/00 at 12:01 AM."

# Discussion

A party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact exist. La.Code Civ.P. art. 966.[2] On appeal, the trial court's determination to grant or deny a motion for summary judgment is reviewed de novo. *Austin v. Abney Mills, Inc.*, 01-1598 (La. 9/4/02), 824 So.2d 1137.

Safeway contends that, through the affidavit of its Underwriting Manager and associated exhibits regarding the policy, it has satisfied its burden of demonstrating that the automobile liability policy issued to James Knapp had been canceled at the time of the accident and, therefore, the claim against it should be dismissed. Safeway asserts that its evidence demonstrates compliance with La.R.S. 22:636.1(D), which provides, in part:

> (1) No notice of cancellation of a policy to which Subsection B or C of this section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. In the event of nonpayment of premiums for a binder, a ten day notice of cancellation shall be required before the cancellation shall be effective. Notice of cancellation for nonpayment of premiums shall not be required to be sent

---

[2]Louisiana Code of Civil Procedure Article 966(C)(2) provides:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Article 967 further provides, in part:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

by certified mail. Unless the reason accompanies the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer within six months after the effective date of cancellation, the insurer will specify the reasons for such cancellation. This Subsection shall not apply to nonrenewal.

The question before the court is, simply, whether the evidence presented indicates that no genuine issues of material fact exist with regard to whether notice of cancellation was "delivered" to the insured in compliance with La.R.S. 22:636.1(D)(1). As explained in the factual background above, Safeway supported its motion with an affidavit of Ms. Thibodeaux, an Underwriting Manager. The affidavit explained the attached insurance documents, which included the "Notice of Cancellation or Termination." The notice reveals the policy number, provides Mr. Knapp's name and address, and under the reason for cancellation section, states:

> You are hereby notified in accordance with the terms and conditions of your automobile policy and the provisions of Section 636.1B of the Louisiana Insurance Code, that your policy will be cancelled or terminated on the date and time indicated,[3] for the reason described below
>
> NON-PAYMENT OF PREMIUM

The form bears the date of mailing as October 16, 2000. Additionally, Safeway attached a "Cancellation Register" which includes Mr. Knapp's name, address, and an October 30, 2000 effective date of cancellation. In her affidavit, Ms. Thibodeaux states, in part:

> That James Knapp did not pay the fourth installment payment due as reflected on Exhibit B and, as a result of said payment not being made, Safeway Insurance Company of Louisiana mailed to James Knapp a Notice of Cancellation or Termination for nonpayment of premium, with

---

[3]With regard to date and time of cancellation, the notice states:

Cancellation or termination to take effect on:
10-30-00 at 12:01 AM Standard Time

the date of said mailing being October 16, 2000 and with the effective date of cancellation being October 30, 2000. A copy of the Notice of Cancellation or Termination sent to James Knapp is attached hereto as Exhibit C, with a copy of the Cancellation Register reflecting mailing of said notice of cancellation being attached hereto as Exhibit D[.]

She further stated: "That at no time did Safeway Insurance Company of Louisiana receive any payment from James Knapp for the fourth installment due as reflected on Exhibit B and, therefore, Policy Number SL211202 was canceled by Safeway Insurance Company of Louisiana on October 30, 2002."

We find no merit in the plaintiff's contention that the affidavit of Paula Thibodeaux was not based upon her personal knowledge as is required by La.Code Civ.P. art. 967.[4] Our review indicates that the affidavit is based on personal knowledge given her statement that she is the Underwriting Manager at Safeway and that she has access to the records of the insurer. Her subsequent statements in the affidavit reference various documents pertaining to the policy, placing them into context. Accordingly, we find the affidavit an appropriate inclusion in the motion for summary judgment. *See Plummer v. Allstate Ins. Co.,* 98-1291 (La.App. 3 Cir. 3/3/99), 738 So.2d 21.

According to Ms. Thibodeaux's statement, which is supported by the records, the notice of cancellation was mailed. The reason for cancellation was listed on the notice as "non-payment of premium." No subsequent payment on the policy was received. We conclude that these factors satisfy the insurer's burden of proof under La.R.S. 22:636.1(D).

_____

[4]Article 967 provides, in part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.

According to the Lousiana Supreme Court in *Cuccia v. Allstate Insurance Co.*, 263 So.2d 884 (La.1972), an insurer's proof of the mailing of cancellation creates a rebuttable presumption of delivery of notice.[5] *See also Braodway v. All-Star Ins. Co.*, 285 So.2d 536 (La.1973); *Guy v. McKnight*, 99-2284 (La.App. 4 Cir. 2/16/00), 753 So.2d 955, *writ denied*, 00-841 (La. 6/16/00), 753 So.2d 955; *Snow v. Mid-American Indem. Co.*, 557 So.2d 1073 (La.App. 2 Cir. 1990). This presumption can be rebutted by proof of nondelivery. *See Broadway*, 285 So.2d 536; *Snow*, 557 So.2d 1073.

Considering the dictates of La.Code Civ.P. art. 966 in light of the above discussion as to burden, we conclude that Safeway is entitled to summary judgment. Safeway supported its assertion of cancellation and delivery of notice of cancellation through its exhibits. The plaintiff then had the opportunity to rebut that showing with evidence of its own, indicating failure to comply with the cancellation statute. The plaintiff made no such showing. Accordingly, Safeway, as the mover, is entitled to summary judgment.

*Motion to Strike*

After this matter was docketed for full briefing and opinion, Safeway filed a supplemental brief pointing out, among other things, that the policy was not only canceled but that it would have expired as well. The plaintiff filed a motion to strike, asserting that the defense of expiration of the policy was improperly raised for the first time on appeal and, accordingly, that portion of Safeway's brief should be stricken. Due to our resolution on the summary judgment, the plaintiff's motion to strike is rendered moot.

**DECREE**

---

[5] Although *Cuccia* involved the delivery of notice of cancellation under La.R.S. 22:636, we find the matter analogous.

6

For the foregoing reasons, we reverse the trial court's denial of the motion for summary judgment and enter summary judgment in favor of Safeway Insurance Company. The plaintiff's claim against Safeway Insurance Company is dismissed with prejudice. All costs of this proceeding are assigned to the plaintiff, Eric Glynn.

**WRIT GRANTED AND MADE PEREMPTORY. MOTION TO STRIKE NOT CONSIDERED.**

NUMBER 03-0029

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ERIC GLYNN

VERSUS

DIAMOND STATE INSURANCE, ET AL

**SAUNDERS, J. dissents**

I respectfully dissent from the holding of the majority of this court for the following reasons. "Louisiana's insurance laws require that written notice of cancellation must be actually delivered or mailed to the insured before a cancellation can be effective." *Breland v. All American Assur. Co.*, 366 So.2d 1051, 1053 (La.App. 1 Cir. 1978). The burden of proof rests upon the automobile insurer to prove by prima facie evidence proof of mailing of notice of cancellation to the insured; where the insurer meets this burden of proof the presumption of delivery is established which then may be rebutted by the insured only through affirmative evidence of nondelivery. *Folds v. Protective Cas. Ins. Co.*, (La.App. 2 Cir. 12/7/94), 647 So.2d 1215.

The Cancellation Register of Safeway contains the policy number, name of insured, address of insured and effective date of cancellation for each listed insured. At the bottom of each page of the Cancellation Register is an attestation clause certifying that the signer clause personally mailed each cancellation notice listed in the Cancellation Register. The Cancellation Register provided to this court contains no attestation clause signature. The lack of the attestation clause signature does not allow us to say conclusively that the notice of cancellation was in fact mailed to Mr.

Knapp as is required by La.R.S. 22:636.1(F).

The Cancellation Register provided to this court for evaluation contains pages two and fifteen of the Cancellation Register, respectively. Page two of the Cancellation Register lists fifty different individuals or businesses. There are no United States Postal Service stamps anywhere on this page. The Cancellation Register entry for James Knapp is number thirty-five, located on page two of the Cancellation Register. Page fifteen lists thirteen different individuals of businesses. Page fifteen contains United States Postal Service stamps dated October 16, 2000, and postage rate stamps totaling one hundred and two dollars. This page is the only page provided to this court that contains any postal service markings. The presence of only two pages of the Cancellation Register and the lack of any postal service markings on page two of the Cancellation Register does not allow us to say conclusively that the notice of cancellation for Mr. Knapp listed on page two of the Cancellation Register was in fact mailed to Mr. Knapp as required by La.R.S. 22:636.1(F).