| LAUNDERS, J.,
dissents.
I respectfully dissent from the holding of the majority of this court for the following reasons. “Louisiana’s insurance laws require that written notice of cancellation must be actually delivered or mailed to the insured before a cancellation can be effective.” Breland v. All American Assur. Co., 366 So.2d 1051, 1053 (La.App, 1 Cir. 1978). The burden of proof rests upon the automobile insurer to prove by prima facie evidence proof of mailing of notice of cancellation to the insured; where the insurer meets this burden of proof the presumption of delivery is established which then may be rebutted by the insured only through affirmative evidence of nondelivery. Folds v. Protective Cas. Ins. Co. (La.App. 2 Cir. 12/7/94), 647 So.2d 1215.
The Cancellation Register of Safeway contains the policy number, name of insured, address of insured and effective date of cancellation for each listed insured. At the bottom of each page of the Cancellation Register is an attestation clause certifying that the signer clause personally mailed each cancellation notice listed in .the Cancellation Register. The Cancellation Register provided to this court contains no attestation clause signature. The lack of the attestation clause signature does not allow us to say conclusively that the notice of cancellation was in fact mailed to Mr. | gKnapp as is required by La.R.S. 22:636.1(F).
The Cancellation Register provided to this court for evaluation contains pages two and fifteen of the Cancellation Register, respectively. Page two of the Cancellation Register lists fifty different individuals or businesses. There are no United States Postal Service stamps anywhere on this page. The Cancellation Register entry for James Knapp is number thirty-five, located on page two of the Cancellation Register. Page fifteen lists thirteen different individuals of businesses. Page fifteen contains United States Postal Service stamps dated October 16, 2000, and postage rate stamps totaling one hundred and two dollars. This page is the only page provided to this court that contains any postal service markings. The presence of only two pages of the Cancellation Register and the lack of any postal service markings on page two of the Cancellation Register does not allow us to say conclusively that the notice of cancellation for Mr. Knapp listed on page two of the Cancellation Register was in fact mailed to Mr. Knapp as required by La.R.S. 22:636.1(F).