205 So.2d 821 (1968)
Earl J. DANOS
v.
May FORSYTHE et al.
No. 2821.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1968.
*822 Fiasconaro, Heisler, Windhorst & de Laup, Joseph A. Fiasconaro, Jr., New Orleans, for plaintiff-appellee.
Brierre & Malone, Eugene D. Brierre, New Orleans, for defendants-appellants, for third-party plaintiffs-appellants.
Before REGAN, HALL, and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Earl J. Danos, filed this suit against the defendants, May Forsythe and Allstate Insurance Company, her insurer, endeavoring to recover the sum of $10,000.00 representing personal and property damage which he asserts were incurred by him as the result of the negligence exemplified by Mrs. Forsythe in the course of operating her motor vehicle.
The defendants answered and denied the foregoing accusation of negligence, and in the alternative, they pleaded the contributory negligence of the plaintiff, Danos.
In the same proceeding, Wilfred Forsythe, Mrs. Forsythe's husband, filed suit against Danos, Mrs. Forsythe, and Allstate Insurance Company endeavoring to recover the sum of $61,189.00, representing damages for physical injuries and medical expenses which was incurred, he asserts, as the result of the negligence of the respective defendants. All of them answered and denied Forsythe's accusations of negligence and each defendant insisted that the fault of the other driver was the proximate cause of the accident.
In addition to the foregoing suit, May Forsythe and Allstate Insurance Company filed a third party petition against the original plaintiff, Earl J. Danos, requesting contribution from him of 50% of whatever judgment which might be rendered against her in favor of Wilfred Forsythe. In response to this third party petition, Earl Danos denied the various accusations set forth therein and insisted that proximate cause of the accident was the negligence of Mrs. Forsythe.
After a trial in the lower court, judgment was rendered in favor of the plaintiff, Earl Danos, in the amount of $1,510.00. Judgment was also rendered in favor of Wilfred Forsythe against May Forsythe and Allstate Insurance Company in the amount of $3,528.80.
From that judgment, Mrs. Forsythe and Allstate Insurance Company have prosecuted this appeal.
The record discloses that the defendant, May Forsythe, was driving her automobile in Melpomene Avenue, which is an undivided, one-way street running in the direction of the lake. Simultaneously, the plaintiff, Earl J. Danos, was operating his vehicle in Magazine Street, which is also an undivided, one-way street, running in a westerly direction or toward Audubon Park. At the intersection of Melpomene and Magazine, a stop sign exists on the downtown, river corner thereof, which orders traffic moving in Melpomene to stop for vehicles driving in Magazine Street.
*823 Mrs. Forsythe testified that she stopped for the sign, looked to her right into Magazine Street and saw nothing moving therein for approximately one block, and she then drove into the intersection. While there is some conflict in the record, the evidence reveals that there was a parked car on the river side of Magazine Street in the direction in which Mrs. Forsythe was looking after she had stopped.
In any event, when Mrs. Forsythe entered the intersection, the right rear of her vehicle was struck by the right front section of the plaintiff's vehicle, causing the injuries and property damages which form the subject matter hereof.
The pleadings and the argument on the appeal hereof pose two questions for our consideration. First, was Mrs. Forsythe guilty of negligence in entering the intersection; second, was the plaintiff guilty of contributory negligence.
With respect to the first question, it is obvious that Mrs. Forsythe was in fact at fault when she entered the intersection in the face of an oncoming vehicle which possessed the right-of-way. The law is clear that a driver who stops in obedience to a traffic sign discharges only part of the duty required of him by the jurisprudence. He must also refrain from driving into the intersection until he has made certain that it is safe to do so. This rule is especially applicable, and requires a greater degree of care on the part of a driver, when his view is obstructed or partially obstructed by another vehicle.[1]
In this case, irrespective of Mrs. Forsythe's testimony that no vehicles were moving in Magazine Street when she entered the intersection, the uncontrovertible fact is that Danos' automobile was in this area, moving at a legal speed, and Mrs. Forsythe simply did not see what she should have seen, contrary to the duty imposed upon her by law under these circumstances.[2]
With respect to the question of the contributory negligence of the plaintiff, the evidence inscribed herein is uncontradicted to the effect that the plaintiff was operating his vehicle at a speed not in excess of 25 miles an hour. His testimony is also corroborated by the physical evidence. The skid marks disclose that Danos skidded about 20 to 25 feet before the collision. Since a car traveling at a speed of 30 miles per hour would require 73 feet to stop,[3] it is clear that the plaintiff was traveling at a speed less than 30 miles per hour. In this connection, we have evaluated the fact that the forward motion of the plaintiff's vehicle was somewhat restrained as a result of the collision.
The final issue posed for our judgment is a subsidiary one raised by the defendants. Counsel argues that the amount awarded to the plaintiff was excessive. The impact of the collision caused Danos to strike his chest on the steering wheel of his automobile which resulted in pain to his chest, right arm, and right knee. The medical evidence disclosed that Danos experienced tenderness to digital pressure over the anterior chest and that his right forearm was bruised and swollen. There was some limitation of knee bending, and pain was experienced in weight bearing. The physician concluded that Danos incurred an internal derangement of the right knee, a possible lacerated meniscus, and contusions of the anterior chest and right forearm. Danos was discharged from treatment approximately three months after the accident, at which time he was still complaining *824 from discomfort caused by his right knee and that the pain therefrom radiated into his hip. He also testified that his right arm, right leg, and chest were still painful after the date of discharge. Moreover, the plaintiff testified on the date of trial, which occurred over eighteen months after the accident, that he still experienced pain, especially when he walked.
In view of the great discretion to be accorded to the trial court in assessing damages,[4] we are of the opinion that the award to the plaintiff was not excessive and therefore it should not be disturbed.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendants are to pay all costs of these proceedings.
Affirmed.
NOTES
[1] See Lucas v. Broussard, La.App., 197 So.2d 696 (1967); Liverpool & London & Globe Insurance Company v. Taylor, La.App., 193 So.2d 840 (1966).
[2] See Bell v. Duplessis, La.App., 150 So. 2d 114 (1963).
[3] See 9C Blashfield's Cyclopedia of Automobile Law and Practice § 6237 at Pg. 413 (1954); Bergeron v. Hetherwick, La.App., 140 So.2d 440 (1962).
[4] Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).