275 So.2d 838 (1973)
Sherry TRAHAN
v.
Fred WILLIAMS.
No. 5418.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1973.
John Cosentino, Steven R. Plotkin, Donald E. Allmand, New Orleans, for plaintiff-appellant.
Alvin N. Taylor, New Orleans, for defendant-appellee.
Before REDMANN, LEMMON, and BAILES, JJ.
BAILES, Judge.
Plaintiff sued defendant for damages allegedly incurred in an intersectional collision. Defendant reconvened for damages to his vehicle. Trial court denied the demands of both plaintiff and defendant. The plaintiff appealed.
Finding the trial court committed an error of law we reverse and award plaintiff judgment in the amount of $386.93.
The facts are simple. The two-car accident occurred on January 28, 1970 at the intersection of Cleveland Street and Dorgenois Street in the City of New Orleans. There is a stop sign on Cleveland Street, *839 facing traffic entering or crossing Dorgenois Street, the favored street.
Plaintiff testified that she had entered Dorgenois Street from Palmyra Street, the next street uptown from Cleveland and that as she drove downtown to the intersection of Cleveland Street, defendant's vehicle appeared in front of her going toward the lake. At this time she was about two car lengths away from defendant's vehicle. She put on her brakes but in spite of her efforts to stop, the front of her vehicle struck the front or forward left side of defendant's vehicle.
Defendant testified that he was driving on Cleveland Street and that he stopped before he drove into the intersection. He stated he could not see to his left, the direction from which plaintiff was coming, because of parked vehicles on his left. He testified that he did not see the plaintiff's vehicle prior to the collision.
A motorist traveling on a less favored street faced with a stop sign at the intersection of a favored street must stop, look and not proceed until it is safe to do so. Such a motorist is under a duty to yield the right of way to a motorist driving on the favored street. See: Messana v. Allstate Ins. Co., La.App., 182 So.2d 93 (1966); Steiner v. Employers Liability Assur. Corp., La.App., 182 So.2d 345 (1966); Louisiana Fire Ins. Co. v. Allstate Ins. Co., La.App., 186 So.2d 663 (1966); Landry v. Yarbrough, La.App., 199 So.2d 377 (1967); Dietzel v. United States Fidelity & Guaranty Co., La.App., 259 So.2d 353 (1972).
Although defendant testified that he stopped before entering the intersection, he had observed only half of his duty. He was under a duty not to proceed into the intersection until it was reasonably safe to do so. Therefore, he is liable for the damage he occasioned to the plaintiff's vehicle for having negligently driven into the intersection in front of plaintiff.
It was stipulated that plaintiff's damages amounted to $386.93.
Accordingly, the judgment of the trial court is reversed and there is judgment herein in favor of plaintiff, Sherry Trahan, and against defendant, Fred Williams, in the amount of $386.93, together with legal interest from date of judicial demand until paid and for all cost of these proceedings.
Reversed and rendered.