STOULIG, Judge.
This appeal concerns claims for personal injuries and property damage arising out of an intersectional collision between a taxicab, driven by Thomas E. Hirstius and an automobile operated by Mrs. Aubrey J. Brooks. Defendants Checker Cab, Inc., and Hirstius have appealed a judgment awarding (1) $4,182 general and special damages to plaintiff, Myrtle Flowers, a passenger in the cab; (2) $100 property damage to intervenor Aubrey J. Brooks; and (3) $504.51 to intervenor Allstate Insurance Company, subrogee collision insurer of the Brooks vehicle.
Appellants first dispute the trial court’s factual finding that the negligence of Hir-stius was the sole proximate cause of the accident. This determination was based on credibility of the witnesses, and after re *801 viewing the testimony, we conclude there is no basis for reversing the trial court’s judgment apparently based on acceptance of these facts.
On March 3, 1970 at approximately 8 a. m., the Brooks vehicle, moving on Prytania Street in an uptown direction, collided with the taxicab, proceeding on St. Mary Street in a lakebound direction. Prytania Street is the favored thoroughfare and traffic on St. Mary Street is regulated by a stop sign at this intersection. Mrs. Brooks, traveling at a lawful rate of speed, noticed the cab approaching from her left and moving toward the stop sign on St. Mary. But instead of stopping his vehicle, the cab driver slowed and attempted to cross Prytania without first ascertaining traffic conditions on the favored street would safely permit this maneuver. When Mrs. Brooks saw the cab was not going to stop, she was approximately 35 to 40 feet from the intersection, and despite the immediate application of her brakes, she was not successful in avoiding the collision, which occurred in her traffic lane. The front of her car hit the right rear door and fender of the cab. The road was wet and slippery. . The Brooks vehicle apparently stopped at the point of impact, while the cab was spun partially around.
To reverse this factual finding, based on Mrs. Brooks’ testimony, we would be required to accept Hirstius’ statement that he first stopped at the intersection, crossed when traffic conditions in Prytania were clear and was hit by the Brooks vehicle traveling at an excessive rate of speed.
The testimony of the plaintiff and the cab driver as to the high rate of speed the Brooks vehicle was moving is extremely suspect, being purely speculative or conjectural since they both admit they first became aware of its presence momentarily before the impact. Plaintiff testified she noticed the Brooks car when it was 10 to 20 feet away and Hirstius stated he saw it “a flash of a second” before impact. Obviously this was an insufficient opportunity for these parties to reasonably evaluate the speed of the approaching Brooks automobile. It should be noted that the investigating officer found that the Brooks car came to rest approximately at the point of impact in its proper lane.
Obviously the trial court concluded that the Brooks car was not traveling at an unlawful or excessive rate of speed. The trial judge apparently found that the cab driver failed to fulfill the legal duty imposed upon him to bring his vehicle to a complete stop and to properly evaluate the existing traffic conditions in order to ascertain if he could safely traverse Prytania Street without causing damage to approaching vehicles lawfully proceeding thereon. LSA-R.S. 32:123; Danos v. Forsythe, 205 So.2d 821 (La.App. 4th Cir. 1968).
There is nothing in the record to suggest the trial court committed manifest error in accepting the Brooks version;, thus, under our appellate rules of review, we affirm on liability.
Alternatively, appellants seek a reduction in the award to Mrs. Flowers for personal injuries. In its judgment, the trial court awarded $3,500 for pain and suffering and $682 as special damages. Appellants limit their complaint quoad quantum to the gem-eral damages.
As a result of the accident, plaintiff sustained a contusion and strain of the right shoulder and was treated by Dr. Irving Redler, an orthopedist, for approximately two months after the accident. On her initial visit on March 9, 1970, he noted considerable swelling in the right shoulder. He also observed over this shoulder and upper arm a bruised area measuring approximately M/2 by 6 inches. He prescribed shoulder exercises to prevent stiffening, application of heat, and medication to alleviate the pain. Although she still complained of pain on the date of her discharge, Dr. Redler felt this would subside with the passage of time. Mrs. Flowers is *802 a manicurist, and to perform her job it is necessary for her to use her right hand and arm. She testified that she still experienced pain in the shoulder long after her discharge by Dr. Redler. Some 16 months after the accident, plaintiff consulted a second orthopedist, Dr. Rufus Alldredge, with complaints of pain in the right shoulder. In his opinion the persistence of pain for this length of time is consistent with this type of injury.
Considering the duration of her pain, probably prolonged by the requirement of the use of her right shoulder in working as a manicurist, we think the quantum awarded, though generous, does not constitute an abuse of discretion.
For the reasons assigned, the judgment appealed from is affirmed, costs of this appeal to be borne by appellants.
Affirmed.