GARRISON, Judge.
The case at hand arises from an automobile accident which occurred on November 1, 1985 at the intersection of Roman Street and Louisiana Avenue Parkway in New Orleans, Louisiana. Willie Steward filed suit against Charlotte Spears, Charles Hall, her father and owner of the car, the City of New Orleans, and, later, Protective Casualty Insurance Company, the insurer of Mr. *1039 Hall’s automobile. In this petition, the plaintiff asserts that the accident was caused by a stop sign which forced him to stop too far from the intersection to be able to observe oncoming traffic. Ms. Spears was accused of negligence. Summary judgment was granted in Mr. Hall’s favor, Ms. Spears and Protective Casualty Ins. Co. were tried by jury and the City of New Orleans was before the trial judge.
At trial, the plaintiff testified that he was traveling down Roman Street and stopped at the stop sign, which he measured as 16 feet from the curb. He stated that he advanced and then proceeded to stop again at the curb. He stated that from the curb he could not see down Louisiana Avenue due to the parked cars along the street and did not see the defendant’s vehicle until after the collision occurred. The defendant testified that she was traveling down Louisiana Avenue Parkway at an approximate rate of 20-25 m.p.h. She stated that plaintiff’s automobile was in the intersection and she swerved without success and struck his ear. She further added that she couldn’t see the plaintiff’s car until it was too late as a truck was blocking her line of vision. The record shows that there was no damage done to the defendant’s vehicle and only slight damage to plaintiff’s vehicle. Plaintiff claimed he suffered an ear injury.
The trial court granted a directed verdict in favor of the City of New Orleans. It was found that the alleged misplacement of the stop sign could not have been cause-in-fact of the accident if the plaintiff stopped at both the sign and the curb itself. We find the trial court to be correct in its decision. By plaintiff’s testimony, common sense would show that improper sign placement was not the cause-in-fact of this accident.
The jury found Charlotte Spears and her insurer, Protective Casualty Ins. Co., free from fault. The plaintiff then filed a motion for new trial on the grounds that the jury did not see the police report and defendants citation for the accident was not presented in evidence. The motion was denied. Plaintiff has now brought this appeal alleging that the verdict was contrary to law and evidence and crucial evidence was withheld by the plaintiff’s attorney and not presented to the jury. We believe that the plaintiff’s arguments are without merit for the reasons stated below.
The jury’s verdict is clearly not contrary to law and evidence. The defendant in this case had the right of way. It was plaintiff’s duty to stop and make certain that the way was clear before driving through the intersection. Trahan v. Williams, 275 So.2d 838 (La.App. 4th Cir.1973); Danos v. Forsythe, 205 So.2d 821 (La.App. 4th Cir.1968). A motorist traveling with the right-of-way has the right to expect or assume that a vehicle approaching an intersection from a street burdened with a stop sign will in fact stop, even when it is a “blind” intersection. Westchester Fire Insurance Company v. Dardar, 158 So.2d 239, 242 (La.App. 4th Cir.1963).
The testimony at trial supports a finding that the defendant had the right-of-way and was proceeding accordingly. Mr. Steward’s own testimony states that he could not see into the intersection due to parked cars. Thus, by his own admission he proceeded without determining whether his path was clear.
Plaintiff’s contention that the verdict was in error as crucial evidence was withheld by his attorney and not presented to the jury is without merit. The “crucial evidence” consists of the police report and the defendant’s citation for the accident. The police report was in contradiction to plaintiff’s testimony at trial and stated that he had not seen the stop sign. The failure of plaintiff’s counsel to submit these items into evidence was clearly a tactical decision which will not serve to disturb the jury’s verdict.
The defendant requests damages for frivolous appeal. Damages for frivolous appeal are appropriate only where they are clearly due such as when appeal is taken merely for delay or when appellant’s counsel is not serious in advocating the view of the law he presents. Weber v. *1040 Charity Hospital of Louisiana at New Orleans, 459 So.2d 705 (La.App. 4th Cir. 1984), writ granted 462 So.2d 646, reversed 475 So.2d 1047, on remand 487 So.2d 148. While his arguments lack merit, the plaintiffs pro se appeal is not one which is classified as frivolous according to the above standards.
Therefore, the trial court’s verdict is affirmed and defendant’s request for damages be denied.
AFFIRMED.