720 So.2d 398 (1998)
TWO FEATHERS ENTERPRISE, INC.
v.
FIRST NATIONAL BANK OF COMMERCE.
No. 98-CA-0465.
Court of Appeal of Louisiana, Fourth Circuit.
October 14, 1998.
*399 Dan A. Smetherman, New Orleans, for Plaintiff-Appellant.
Sally A. Shushan, Brian D. Roth, Sessions & Fishman, L.L.P., New Orleans, for Defendant-Appellee.
Before PLOTKIN, JONES and WALTZER, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Two Feathers Enterprises, Inc. (TFE) sued First National Bank of Commerce in New Orleans (FNBC) to recover $78,754 on checks made by TFE payable to sixteen subcontractor payees and allegedly paid by FNBC to its customer, Gilbert Jacobs, Jr., without the payees' authorization. FNBC answered and filed an exception of prescription and a third-party demand against Jacobs. Jacobs answered and excepted based on prescription. FNBC filed a supplemental answer affirmatively pleading TFE's negligence and fault, estoppel, payment of the instruments to the payees and the defenses set forth in La.R.S. 10:3-403, -104, -405 and -406.
The trial court granted FNBC's motion for summary judgment, dismissing TFE's petition. We affirm.

STATEMENT OF FACTS
TFE submitted statements allegedly by Earl Green, Joseph Brown, Lionel Williams, John Scott and Leroy Scott that were not made under oath before an officer authorized to administer oaths. TFE submitted Sandy Bradley's sworn affidavit stating that he examined checks totalling $1,995 and that the signature on the back of the checks was not his; further, Bradley states that he did not give Jacobs authority to sign Bradley's name to the checks.
In support of its motion for summary judgment, FNBC submitted a portion of Jacobs' deposition. Jacobs, the brother-in-law of TFE's owner and principal officer, testified that TFE knew that he was not a licensed contractor. He testified that as to the sixteen sub-contractors who worked for him on the TFE job, it was his practice to bill TFE for their work and to deposit into his own FNBC account the checks payable to the sub-contractors. He would then pay the subcontractors the amount of those checks less advances he had made to them previously.
FNBC submitted the sworn affidavit of Leroy Scott. According to Scott, he worked as a subcontractor and had men working for him when he worked for TFE. Jacobs was the supervisor of all jobs he worked for TFE. It was Scott's procedure to turn in bills to TFE through Jacobs, which would include money due to Scott and his workmen. TFE issued him checks for those bills. He endorsed and cashed check # 2939 in the amount of $1500. The remainder of the checks drawn to his order did not bear his signature and while he had not given Jacobs express written or oral authority to sign the TFE checks in his name, he was aware that Jacobs did cash those checks and he did not object to Jacobs's endorsement. Jacobs's negotiation of the checks was an accommodation to Scott, and Jacobs issued his own check to Scott for the amount due him. Scott stated that he knows he was paid the amount he was due on every job that he worked for TFE and the bulk of the money *400 came from checks issued to him by Jacobs. FNBC provided similar sworn affidavits by Green and Bradley.
The trial court found that TFE submitted no evidence that the endorsements of James Sanders, Frank Mills, Jr., Andrew Grove (or Graves), F. Mitchell, Frank Abrams, Bruce Wheelington, W. Brown, Scott Osprink, Robert Gould, and Robert Rizzuto were not those of the named payees or were otherwise unauthorized. The trial court found that affidavits submitted by FNBC established that Scott, Green and Bradley authorized the endorsements that appeared on the checks drawn to their orders. The trial court found that the statements of Joseph Brown, John Scott and Lionel Williams lacked evidence as to the essential element that these payees did not receive full value of their instruments, demonstrating that TFE will be unable to carry its burden of proof regarding this essential element of its claim.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967; Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
The amendments to La.C.C.P. art. 966 bring Louisiana's standard for summary judgment closely in line with the federal standard under Fed.Rule Civ.Proc. 56(c). Hayes v. Autin, 96-287 (La.App.3 Cir. 12/26/96); 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. The summary judgment law was amended by La. Acts No. 483 of 1997 to incorporate the Hayes analysis.
Under Fed.Rule Civ.Proc. 56, when the non-moving party bears the burden of proof at trial, there is no genuine issue of material fact if the non-moving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. In construing the federal summary judgment rule, the United States Supreme Court held that summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a defendant in an ordinary civil case moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Id. The Anderson court further held that the mere existence of a scintilla of evidence on the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for that *401 party. In Lujan v. National Wildlife, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), the court held that Fed.Rule Civ. Proc. 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof. Berzas v. OXY USA, Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149, 1152-53; Martello v. State Farm Fire and Cas. Co., 96 2375 (La.App. 1 Cir. 11/7/97), 702 So.2d 1179, 1183-84, writ denied, 98-0184 (La.3/20/98), 715 So.2d 1215.
FIRST AND FOURTH ASSIGNMENTS OF ERROR: Summary judgment is precluded by the existence of a question of material fact, that is, whether or not TFE's checks were forged or otherwise negotiated without authorization of the payees by third-party defendant, Gilbert J. Jacobs.
TFE contends that checks drawn to the order of sixteen sub-contractors were negotiated by Jacobs's forged or otherwise unauthorized endorsements. According to Jacobs's deposition, he had the approval of his sub-contractors to deposit their checks into his account and to remit to them the balance owed to them. This balance was the difference between the amount of the check and advances made by Jacobs to the individual worker. The only evidence submitted by TFE to support its contention of forgery or unauthorized endorsement consists of the unverified statements of Green, John Scott, Leroy Scott and Williams, and Bradley's affidavit stating that they had neither endorsed nor authorized Jacobs to endorse their TFE checks. We disregard the unverified statements as insufficient to raise an issue on motion for summary judgment. The statements and affidavit were explained by the sworn affidavits of Green, Leroy Scott and Bradley acknowledging their original statements but adding that while they had not given Jacobs explicit authority to negotiate the checks, they were aware of Jacobs's practice and did not object to the system. The affiants stated that they were in fact paid by Jacobs for the work they performed for TFE.
In order to prevail at trial, TFE has the burden of proving that FNBC negligently paid money on forged instruments. As to all the workers except Bradley, TFE submitted no verified evidence of unauthorized endorsement. The Bradley affidavit submitted by TFE states only that the signatures on five checks totalling $1995 were not his and that he did not give Jacobs authority to sign his name to the checks. In the affidavit submitted by FNBC, Bradley clarifies and enlarges upon that statement, noting that "although affiant did not give Gil Jacobs written or express authority to sign his name to the back of the checks, he was aware that Gil Jacobs was cashing the Two Feathers checks and did not then, nor does he now, object to Gil Jacobs having endorsed the checks for him.... [H]e was in fact paid for the work he performed for Two Feathers by Gil Jacobs."
The second affidavit is not contradictory to the first. It clarifies that although no specific written or oral authorization was given, Bradley acquiesced in Jacobs's procedure for paying him for the work performed for TFE. Significantly, he and the other affiants swear that they were, in fact, paid for all the work they performed for TFE.
TFE does not offer and we find no requirement that the endorsement authorization be specific, either oral or written, so long as the payee acquiesced in the endorsement. FNBC's proof of ratification by Bradley, the only payee as to whom TFE offered competent evidence, establishes that there is no genuine issue of material fact as to an essential element of TFE's claim, viz. the unauthorized or forged endorsement, and FNBC is entitled to judgment as a matter of law. La.C.C.P. art. 966. The trial court correctly concluded that there was no issue of material fact as to whether the checks were paid on a forged or unauthorized endorsement.
These assignments of error are without merit.
SECOND, THIRD AND FIFTH ASSIGNMENTS OF ERROR: Summary judgment is precluded by the existence of a question of material fact, that is, whether or not FNBC negligently breached its duty to verify the signature or authorization of the payees on the checks.
Whether FNBC had a duty to verify the signatures of the sixteen payees or to investigate *402 the payees's authorization of Jacobs's endorsement is not material. TFE failed to make a prima facie showing that it can maintain a cause of action against FNBC on the basis of unauthorized endorsements. FNBC's liability under La.R.S. 10:3-405 and 10:3-406 cannot become a material issue absent such a showing.
This assignment of error is moot.

CONCLUSION AND DECREE
Our de novo review of the record demonstrates that TFE failed to bear its burden of proof under La.C.C.P. art. 966, and the trial court's judgment granting FNBC's motion for summary judgment dismissing TFE's petition is affirmed. All costs on appeal are assessed to the appellant.
AFFIRMED.