778 So.2d 1249 (2001)
Michelle CRUTCHFIELD, Individually, and on Behalf of Baby Crutchfield, as well as the Estate of Samuel Crutchfield, Kathey Dread, on Behalf of Aaron Thomas Dread, Minor Son of Samuel Crutchfield
v.
Derek LANDRY, Tracy Carlton, the Estate of Melvin Landry, Midland Risk Insurance Company, USF & G Insurance Company, Holiday Inn, Inc., ABC Insurance Company and DEF Insurance Company.
No. 2000-CA-0070.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 2001.
Andrew D. Weinstock, Joseph G. Glass, Duplass, Zwain, Bourgeois & Morton, Metairie, LA, Attorneys for Plaintiffs/Appellees.
Richard S. Vale, Blue Williams, L.L.P., Metairie, LA, Attorneys for Defendants/Appellees.
Patrick A. Juneau, John Randall Whaley, The Juneau Firm, Lafayette, LA, Attorneys for Defendants/Appellants.
Court composed of Judge McKAY, Judge KIRBY, Judge PATRICK M. SCHOTT, Pro Tempore.
McKAY, Judge.
The defendant, Lexington Insurance Company (Lexington), appeals the judgment of the trial court granting the plaintiff's motion for partial summary judgment on the issue of insurance coverage.

FACTS AND PROCEDURAL HISTORY
This matter stems from an automobile accident, which occurred on February 21, 1998. On that day 17 year-old, Derek Landry, a Louisiana resident, struck and killed Samuel Crutchfield, a resident of California. Samuel Crutchfield was standing on the shoulder of the highway next to his vehicle securing the cargo on his truck, when Derek Landry's vehicle left the road and struck Samuel Crutchfield's truck, traumatically amputating Mr. Crutchfield's legs below his knees. These injuries ultimately caused Samuel Crutchfield's death. Trism Inc. (Trism), an interstate trucking company, employed Samuel Crutchfield as *1250 one of its drivers. Trism is incorporated in Delaware, and has its principal place of business and corporate headquarters in Georgia. TRISM has an insurance policy with the defendant, Lexington. The policy was negotiated and purchased in the state of Georgia.
On July 27, 1998, the plaintiffs, all of whom are California residents, filed the instant suit against Derek Landry; his mother, Tracy Carlton; the estate of his deceased grandfather, Melvin Landry; the Landry's auto liability insurer; and Trism's insurance company, Lexington, for the death of Samuel Crutchfield. Lexington, an insurer licensed to do business in Louisiana, had issued an umbrella insurance policy to Trism which was in effect at the time of the accident. At the heart of the dispute in this matter is whether the Lexington policy provided UM coverage to the Trism vehicle.[1]
Following a hearing held on July 23, 1999, the trial court granted the plaintiffs' motion for partial summary judgment and found that Lexington's policy No. 5630461 provided UM coverage for the accident.

DISCUSSION
The appellant avers that the trial court erred in granting plaintiffs' motion for partial summary judgment finding that its policy provides UM coverage in connection with Mr. Crutchfield's accident. Specifically the appellant contends that the trial court erred in applying Louisiana's uninsured/underinsured motorist law to an insurance policy that was neither negotiated, issued nor delivered in Louisiana and by failing to enforce the subject insurance policy as written to exclude uninsured/underinsured motorist coverage.
In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94) 634 So.2d 1180. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprise v. First National Bank, 98-0465 (La.App.4.Cir.10/14/98) 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). This standard of review requires the appellate court to look whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to a judgment as a matter of law. La. C.C.P. art 966(B). In order to prevail on a motion for summary judgment, the movant must show "that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact" South Central Bell Telephone Co. v. Sewerage and Water Board, 95-0949 (La.5/19/95), 654 So.2d 1090. Both the evidence and all inferences drawn from the evidence must be construed in favor of any party opposing the motion, and all doubt must be resolved in his favor. Id. Taking into accounts these standards, we find that summary judgment is proper in the case sub judice.
The appellant avers that the trial court erred in granting plaintiff's motion for partial summary judgment in two ways. First by applying Louisiana insurance law to a policy that was a negotiated and delivered in Georgia, and secondly, by failing to enforce the subject policy as written to exclude uninsured/underinsured motorist coverage.
The essence of the appellant's argument narrows down to a conflict of laws analysis, which appellant claims mandates that Georgia law be applied to the policy in question.
La. R.S. 22:1406(D)(1)(a)(iii) provides: This Subparagraph and its requirement for uninsured motorist coverage shall apply *1251 to any liability insurance covering any accident which occurs in this state and involves a resident of this state.
Lexington contends that its policy includes a clear and unambiguous UM exclusion.[2] In the policy, Lexington agreed to pay on behalf of the insured
... that portion of the ultimate net loss in excess of the retained limits as hereafter defined, which the insured shall become legally obligated to pay as compensatory damages because of personal injury ... caused by an occurrence to which this insurance applies ...
It is undisputed that the exclusion contained in the policy does not satisfy the requirements for a valid UM waiver under Louisiana law; albeit, the exclusion is valid under Georgia law. The exclusion reads as follows:
(3) to any obligation for which the insured may be liable under no fault of uninsured motorist or underinsured motorist law ...
Hence, a question arises as to which state's law should apply and whether this exclusion should be enforced as written.
This Court recently in Austin v. Western World Ins. Co., 99-2541 (La.App. 4 Cir. 5/17/00), 765 So.2d 390, addressed the very issue raised in the instant matter. In Austin, New York plaintiffs sought to recover underinsured motorist benefits for an accident occurring in Louisiana. The drivers of the Louisiana registered vehicles were both Louisiana residents. The accident happened on a Louisiana road and the victim was treated for injuries in a Louisiana hospital thus establishing clear and considerable contacts with Louisiana. Our Court in its analysis noted that the essential issue is whether Louisiana should disregard La. R.S. 22:1406(D)(1)(a)(iii) and insert another state's incongruous law. Refuting the insured's argument that the conflicts analysis requires that the foreign state's law be given effect, our Court followed the reasoning found in another case within our circuit, Dekeyser v. Automotive Casualty Ins. Co., 97-1215 (La.App. 4 Cir. 2/4/98) 706 So.2d 676. In Dekeyser, a vehicle owned by an Arizona resident was struck by a Louisiana owned vehicle driven by a California resident. A State Farm Mutual Automobile Insurance Company policy issued to the Arizona driver was at issue when the passenger in that car, also an Arizona resident, sought damages. State Farm sought to deny uninsured motorist coverage and argued for the application of Arizona law.[3] Our Court rejected State Farm's call to apply Arizona law. The Court stated: "Because a specific choice of law rule requires the application of Louisiana law to plaintiff's substantive claims for underinsured motorist benefits from State Farm, Louisiana law applies..." Dekeyser at 680.
We noted in Dekeyser that the Legislature adopted La. C.C. art. 14 at the same time as the Conflicts of Laws articles. We also found that La. R.S. 22:1406(D)(1)(a)(iii) provided a specific rule governing the question of underinsured motorist insurance coverage. Gleaned from the language of the statute, it follows that it was the Legislature's intent that the specific rule, i.e. La. R.S. 22:1406(D)(1)(a)(iii), controls the conflicts of law issue, rather than the general rules of Book IV[4] of the Civil Code. Dekeyser, supra.
*1252 Moreover, Comment (b) to La. C.C. art. 14 states:
... The residual nature of the provision of Book IV is established by the introduction phrase of this Article "[u]nless otherwise expressly provided by the laws of this state." This phrase means that the provisions of Book IV are not intended to supercede more specific choice-of-laws rules contained in other Louisiana statutes, such as the Insurance Code (see La. R.S. 22:611 et seq.)... When applicable those rules, being more specific, should prevail over the provisions of Book IV of the Civil Code.
La. R.S. 22:1406(D)(1)(a)(iii) provides the specific rule governing the question of the underinsured motorist insurance coverage in the instant case. Therefore, the more specific rule controls the conflict issue and the statute clearly supports plaintiffs' position that Louisiana Law concerning uninsured/underinsured should supercede Georgia law.
Louisiana's interest in regulating awards to victims in this state's highways, in protecting persons traveling on its highways from damage caused by uninsured/underinsured motorist, and in equally assessing the burden of awards to all culpable parties outweighs those of Georgia. Furthermore, a contrary holding would undercut and weaken Louisiana's long standing policy of requiring uninsured/underinsured motorist coverage to protect victims who travel on this state's highways and are injured by Louisiana residents. Further, our Circuit in Dekeyser and Austin, has clearly interpreted LSA-C.C. 14, dealing with multistate cases, to mean that the general choice-of-law rules (i.e. La. C.C. arts. 3515 and 3537) are superceded by more specific choice-of-law provisions (i.e. La. R.S. 22:1406(D)(1)(a)(iii)).
Given the facts of this case and the similarities to other cases such as Dekeyser and Austin, we affirm the trial court's granting the plaintiff's partial motion for summary judgment concerning insurance coverage.
AFFIRMED.
NOTES
[1] The vehicle that Samuel Crutchfield was operating was registered in 51 jurisdictions including Louisiana.
[2] Lexington has not disputed that the umbrella policy covers accidents occurring in Louisiana; it only disputes the UM coverage because it had executed a valid waiver under Georgia law. Furthermore, the USF & G policy, TRISM's primary policy which underlies Lexington's policy, contains UM coverage waivers/restrictions from 48 states. Additionally in a Hartford policy issued to TRISM, TRISM executed separate endorsements to conform to the law of at least 20 states.
[3] Dekeyser also had issues of insurer's legal interest which is of no moment to the case at bar.
[4] The new Conflicts of Laws provisions were codified by the 1991 Louisiana Legislature as "Book IV" of the Louisiana Civil Code. At the same time Book IV was adopted the legislature also adopted La. C.C. art. 14, codifying the general rules as follows:

Unless expressly provided by the law of this state, cases having contact with other states are governed by the law selected in accordance with the provisions of Book IV of this Code.