hGORBATY, Judge.
In this appeal, plaintiff contends that the trial court erred in granting defendants’ motion for summary judgment, and that the judge abused his discretion in failing to refuse or continue the defendants’ motion for summary judgment. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

David Monts was hired by the University of New Orleans (“UNO”) on January 7, 1991 as an electrical engineer. That position is not classified as civil service employment, and no employment contract or other promise of continued employment existed. As a result, Mr. Monts was employed “at-will,” meaning that he could be terminated at any time with,or without cause. On or about July 15, 1996, Mr. Monts was placed on administrative leave, and informed that he was to be terminated, effective thirty days later, on August 15, 1996. In correspondence dated July 15, 1996, John Michael Parnon, plaintiffs supervisor, explained to |2Monts that he was being discharged for his continued disruption of departmental meetings, and his negative attitude to his employment with UNO.
Plaintiff filed suit, claiming that he was terminated for reporting unethical and hazardous practices to his supervisors at UNO and their legal advisors at the Phelps Dunbar law firm. In addition, Monts sued three UNO administrators in their official and individual capacities alleging the following causes of action:
1. Wrongful discharge in violation of a purported “public interest exception to the employment at-will doctrine”;
2. Breach of contract;
3. Failure to bargain in good faith;
*789 4. Wrongful discharge in violation of Louisiana’s Whistle Blower Statute, La. R.S. 42:1169;
5. Intentional infliction of emotional distress;
6. Conspiracy to retaliate for filing an age discrimination complaint with the EEOC under La. R.S. 51:2256 (Louisiana Human Rights Act);
7. Deprivation of his constitutional free speech rights under color of state law in violation of 42 U.S.C. Section 1983; and
8. Deprivation of constitutionally protected rights under La. Const. Art. I, Section 7.
After extensive discovery, defendants filed a Motion for Summary Judgment on October 29, 1999. Plaintiff filed an opposition to this motion on May 1, 2000. After a hearing on May 5, 2000, the trial court granted defendants’ motion, but mistakenly did so “without prejudice.” On motion of defendants and after a hearing, the trial court amended its judgment to reflect that it was, in fact, “with prejudice.” On appeal to this court, the matter was remanded back to the trial court on the grounds that neither judgment was final. On March 27, 2001, the trial court issued an order re-setting defendants’ motion for hearing on June 15, 2001. However, on April' 6, 2001, before the hearing took place, the trial court rendered a [¡¡judgment again granting the defendants’ Motion for Summary Judgment and dismissing plaintiffs suit with prejudice. Plaintiff subsequently filed this appeal.[1]

DISCUSSION

Plaintiffs assert that the trial court erred in granting defendants’ motion for summary judgment and dismissing his claims for wrongful discharge in violation of U.S. Const. Amends. I and XIV and 42 U.S.C. Section 1983.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Guy v. McKnight, 99-2284 (La.App. 4 Cir. 2/16/00), 753 So.2d 955, 957, writ denied, 2000-0841 (La.6/16/00), 764 So.2d 963; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182.
Summary judgment is properly granted only if the pleadings and evidence show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966(C). Article 966 has recently been amended; the burden of proof remains with the mover to show that no genuine issue of material fact exists. Now, however, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to present evidence of a material factual dispute mandates the granting of the motion. See Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691. We must review the summary [Judgment with reference to the substantive law applicable to the case. To affirm summary judgment, we must find that reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Washington v. State, Dept. of Transp. & Development, 95-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47.
*790 The U.S. Fifth Circuit has set forth the elements of a First Amendment retaliation claim as follows:
As a threshold requirement, a public employee claiming violation of freedom of speech must show that his speech is entitled to judicial protection under the First Amendment. It is so entitled only if it addresses a matter of “public concern,” which “must be determined by the content, form, and context of a given statement, as revealed by the whole record.” This determination is a question of law to be resolved by the court. If the speech does not address a matter of public concern, a court will not scrutinize the reasons motivating a discharge allegedly in retaliation for that speech. If the speech at issue does address a matter of public concern, the court then engages in the so-called “Pickering/ Connick test,” balancing “the interests of the [employee], as a citizen, in commenting upon matters of public concern [against] the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.” The more central a matter of public concern is to the speech at issue, the stronger the employer’s showing of counter-balancing governmental interests must be. Only if the court finds that the employee’s First Amendment rights outweigh the government’s interest in the effective provision of public services does the fact-finder proceed to consider the separate issue of causation.
Mt. Healthy City School Dist. Bd. of Educ. v. Doyle [429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)] mandates that the employee must demonstrate that his protected conduct was a substantial motivating factor in his discharge. The employer then has the burden of showing a legitimate reason for which it would have discharged the employee even in the absence of his protected conduct. The employee can refute that showing by evidence that his employer’s ostensible explanation for the discharge is merely pretextual.
Coughlin v. Lee, 946 F.2d 1152, 1156-57 (5th Cir.1991) (citations omitted).
Monts argues that his complaints about issues affecting engineering design standards and fire and safety code enforcement on the UNO campus, as well as |Babout other improper acts of defendants, address a matter of public concern. Specifically, Monts alleges that he engaged in protected speech, which defendants characterized as disruptive and indicative of a negative attitude, in at least four contexts. First, he complained at Mr. Parnon’s staff meetings about Mr. Schaumbach’s and Mr. Cantrell’s[2] tendency to overrule or ignore the recommendations of design professionals on issues of architectural and engineering design, and their tendency to implement architectural and engineering design projects without complete review by a design professional. Further, he researched and copied from the public record in the UNO library an excerpt from the “UNO 1995-96 Budget,” including salary and merit increase information, and made photocopies of the information for four of his colleagues, including Parnon, at their request. Additionally, he reported to Mr. Schaumbach his belief that Mr. Cantrell “has used his position of power to push through projects of special interest to the campus VIPs, especially his boss’s boss, *791 Pat Gibbs,” and other complaints about Mr. Cantrell’s abusive and harassing conduct. Finally, he reported to UNO’s attorneys at Phelps Dunbar a host of “problems which needed to be addressed” regarding design standards and code enforcement during two face-to-face meetings with those attorneys.[3]
In the instant case, review of the alleged code violations with which Monts was concerned — if they were code violations at all — cannot be said to be major matters of public safety. Monts complained of wire size, plumbing, and leveling issues and the like. It would not appear that, even if they were present, these seemingly minor deviations from the purest building practices suggest great threat Uto the public health and safety. The -four instances of allegedly “protected speech” that Monts cites signify his dissatisfaction in his workplace, and are not matters sufficiently infused with public interest to support his First Amendment retaliation claim. Additionally, the context and form of Monts’ expression militate against the finding that he was addressing matters of public concern as a citizen, rather than as a disgruntled employee. With the exception of the communication with counsel (of which defendants were allegedly unaware), all of Monts’ complaints, either verbal or in memoranda, were internal and more specifically, internal within the Physical Plant Services Department. He made no complaints to other UNO officials, nor did he report the purported misconduct to the State Board of Ethics, which, as explained in the Staff Handbook, he had the full right to do. Accordingly, it is apparent that Monts’ internal complaints were not primarily matters of public concern, and thus, not protected speech. As such, under Coughlin, we need not address any of the other issues presented by plaintiff, since without protected speech, there can be no violation of the First Amendment. This assignment of error lacks merit.
Plaintiff next contends that the trial court abused its discretion in failing to refuse or continue defendants’ motion for summary judgment. Plaintiff asked the trial judge to continue defendants’ motion both at the original hearing and after remand, seeking additional time to depose Mr. Parnon, who lives out of state. Plaintiff argues that the facts to which Mr. Parnon was expected to testify would further justify and strengthen his opposition to the motion for summary judgment.
There is no absolute right to delay action on a motion for summary judgment pending further discovery. Simoneaux v. E.I. du Pont de Nemours, 483 So.2d 908, 912 (La.1986). It is a matter clearly within the trial judge’s discretion. Id. This case had been pending for almost four years when the motion for summary judgment was first heard, and extensive discovery had been undertaken. Under the circumstances, it was well within the discretion of the trial court to deny a continuance in this situation. This assignment of error lacks merit.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. This appeal only concerns the plaintiffs First Amendment and Section 1983 claims; all other causes of action previously asserted by plaintiff have been abandoned.

. Frank Schambach was the Director of Physical Plant Services. Initially, Gustave Cantrell was the Assistant Director of Engineering and Construction under Schambach, but beginning in October 1991, Schambach unoffi-dally divided responsibility in the Physical Plant between Mr. Cantrell and Mr. Parnon.

. Defendants assert that at the time Monts was terminated, they were unaware of his contact with the attorneys.