11 McKAY, J.
The appellant, Gus Reynoir (Reynoir), as Succession Representative of Fred M. Reynoir, seeks a review of the trial court’s granting of a partial summary judgment in favor of appellee, Canal 66 Partnership (Canal 66), and denying his cross motion for summary judgment.
The pertinent issue for this Court to address concerns the interpretation of a ground and building lease agreement on an immovable property, entered into by the parties.[1] On cross motions for summary judgment, the trial court was presented with the issue of the meaning of the rent recalculation provision of the lease agreement, which provides: “[t]he rental for the new period shall be the base rental of $24,000 per year plus the six (6) percent real estate commission, multiplied by a fraction,” In appellee’s motion for summary judgment, it urged the court to delete the entire phrase “plus the six (6) percent real estate commission” from the recalculation formula maintaining that “the Lease recalculation provision can be easily misunderstood,” and that “to actually include the 6% real estate commission Lis the base rental recalculation [was] folly.” In its cross motion for summary judgment appellant argued that Canal 66 was requesting that the trial court basically rewrite the contract by deleting the phrase from the recalculation provision. On June 6, 2001, the trial court entered a Judgment, granting Canal 66’s motion for partial summary judgment and denying the appellant’s cross motion. The trial court determined that the base for the rent recalculation was $24,000; we find no error in this particular portion of the judgment. Nevertheless, we do question the judgment of the trial court’s interpretation of the lease in the area of recalculation, in particular the 6% real estate commission payments.[2]
In its reasons for judgment the trial court found that “the language in § 3(B) of the lease implies that the 6% real estate commission should be added to the base annual rent before the annual rent is plugged into the formula,” and that “ the language in § 3(B) in its literal terms identifies the 6% real estate commission as part of the formula to recalculate the rent.” The trial court further concluded that: “it is the opinion of this Court that the 6% increase used in the recalculation and described as a real estate commission but never paid to the real estate agent unjustly enriches the lessor.” The trial court held that Canal 66 was due compensation in the amount of $407.79 a month for all the months paid to the lessor since January 1992, and that Reynoir owes Canal 66, $43,215.00.
On June 14, 1971, Reynoir, Lessor, entered into a lease agreement on an immovable with Florentine Development Corporation, with a stated term of the [3lease as sixty years, commencing on January 1, *54 1972.[3] Under the terms of the lease, § 3(A), the base annual rental for the first five years was $24,000.00, “and in addition thereto shall pay an additional sum equal to six per cent thereof, which shall be the amount of the real estate commission payable to Clement J. Dufau, (emphasis added) real estate agent....”. Under the terms of the lease, after the first five years, the annual rental is to be recalculated based on a formula set forth in § 3(B) of the lease:
Thereafter, the annual rental shall be recalculated periodically using the changes in the U.S. Consumer Price Index, “All Items,” column in Table I, using the 1967 = 100 standard reference base, as published from time to time by the U.S. Department of Labor, Bureau of Labor Statistics, as the basis for recalculation. As a further identification of the index to be used, the “All Items” index for February 1971, as released in March 1971, is 119.4. The rental for the new period shall be the base rental of $24,000.00 per year, plus the six (6%) percent real estate commission, multiplied by a fraction, (emphasis added), the denominator of which shall always be the “All Items” figure contained in Table I of the Consumer Price Index for the month immediately prior to the effective date of this lease. The numerator shall be the same “All Items” figure of Table I of the Consumer Price Index for the month immediately prior to the commencement of the term for which the rent must be recalculated. The rental shall be recalculated for each of the following periods and the adjusted rental shall be paid throughout each such period for which it was recalculated:
1. For the five (5) year period commencing at the beginning of the sixth (6th) year and ending at the close of the tenth (10th) year of the lease.
2. For the ten (10) year period commencing at the beginning of the twentieth (20th) year of the lease.
3. For each of the successive ten (10) year periods thereafter through the end of the term of this lease.
Appellant presents three issues for review by this Court. First, appellant argues that the trial court committed reversible error by ignoring the literal terms of |4the lease agreement. Second, appellant agues that the trial court failed to consider appellee’s conduct of paying the recalculated rent owed spanning over eight plus years or one hundred (100) months without objection. Finally, appellant argues that the trial court erred in relying on an unjust enrichment theory to rule in favor of Canal 66, as it is an equitable remedy that cannot be invoked when the enrichment is based on a contract.
STANDARD OF REVIEW
In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Id. at 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank, 98-0465 (La.App.4.Cir.lO/14/98), 720 So.2d 398, 400. This procedure is now *55 favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). This standard of review requires the appellate court to look to the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to show that there is no genuine issue as to a material fact, and that the mover is entitled to a judgment as a matter of law. La. C.C.P. art. 966(B). To affirm summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Monts v. Board of Supervisors of the Louisiana State University, 2001-1497, (La.App. 4 Cir. 2/27/02), 812 So.2d 787; Washington v. State, Dept. of Transp. & Development, 96-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47. Taking into 1 «¡accounts these standards, we find that summary judgment is improper in the case sub judice.
While we acquiesce that summary judgments are favored, summary judgment requires that there be no genuine issue of material fact and the mover is entitled to a judgment as a matter of law; this threshold must be surmounted prior to granting summary judgment. Mr. Bryan’s affidavit merely states that Canal 66’s records indicate that they paid the succession of Dufau the 6% commission. Furthermore, appel-lee’s representations that appellant’s interpretation of the lease is both absurd and folly cannot be considered as support for the assertion that the succession of Dufau was in fact paid the commission. The record is fraught with accusations and innuendo not supported by the record before this Court. For example, who paid or who was required to pay the pre-1992 real estate commission and to whom was it paid? Who paid the commissions after-1992 and to whom? In what manner was the Dufau succession to be compensated for the 6% real estate commission or even proven that they had been paid? There is insufficient information in the record to determine the answers to these and other questions. Therefore, it was not reasonable for the trial court to grant summary judgment in this case. It is paramount that these issues are resolved before any recalculation can be accomplished.
The Louisiana Supreme Court instructs that: “Courts lack the authority to alter the terms of contracts under the guise of contractual interpretation when the [contract] provisions are couched in clear and unambiguous terms.” Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1029; Louisiana Ins. Guar., Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La.1/4/94), 630 So.2d 759, 764.
| RUnder Louisiana law the court is required to either enforce the contract as written, which clearly means that an amount equal to 6% real estate commission is included in the rent recalculation formula, or, if the trial court found the language of the lease ambiguous or susceptible to multiple interpretations, require them to hold an evidentiary hearing to determine the intent of the parties. We find merit to the appellant’s argument and agree that summary judgment is inappropriate in this instance. Accordingly, we find that the trial court erred in granting Canal 66’s motion for summary judgment.
Therefore, we reverse the trial court’s granting of the summary judgment in favor of appellees and remand the matter for further proceedings.
REVERSED AND REMANDED.
WALTZER, J., dissents with reasons.
TOBIAS, J., concurs in part and dissents in part.

. The original parties to the contract are not parties to this lawsuit. Fred M. Reynoir is deceased and Florentine Development Corporation assigned to International Hotel Company its interest in the lease in June of 1986. Reynoir is a party to this lawsuit as the Succession Representative of the Succession of Fred M. Reynoir, and Canal 66, the appellee, is a party by virtue of a transfer of interest from the original assignee.

. These payments were to be paid to Clement J. Dufau; now the succession of Clement J. Dufau.

. The leased premise at 213 Tchoupitoulas Street is presently used as a parking facility for the Doubletree Hotel.