925 So.2d 630 (2006)
Allaye BAH
v.
CONTINENTAL CASUALTY INSURANCE CO., Coca-Cola Enterprises, Inc., and Beverly Kitchen.
No. 2005-CA-0499.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 2006.
Rehearing Denied April 6, 2006.
Sally Dunlap Fleming, Law Office of Sally Dunlap Fleming, LLC, New Orleans, Counsel for Plaintiff/Appellant.
Thomas J. Eppling, Alejandro E. Gomez, Staines & Eppling, Metairie, Counsel for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS, Sr. and Judge ROLAND L. BELSOME).
*631 DENNIS R. BAGNERIS, Sr., Judge.
The Appellant, Allaye Bah, appeals the judgment of the district court granting summary judgment in favor of the Appellees, Beverly Kitchen, Coca-Cola Enterprises Inc. and Continental Casualty Insurance Company. We affirm.

Facts
Mr. Bah was traveling Eastbound on MacArthur Boulevard toward Woodland Highway in Algiers on the morning of February 16, 2002. Mr. Bah testified in a deposition that he stopped at the stop sign and continued into traffic by making a right turn onto Woodland Highway[1] at which time his vehicle collided with Ms. Kitchen's vehicle. Ms. Kitchen was traveling southbound in the left lane on Woodland Highway toward the intersection of MacArthur Boulevard. Ms. Kitchen was driving her husband's work vehicle at the time of the accident.

Procedural History
Mr. Bah filed a Petition for Damages in the Civil District Court for the Parish of Orleans naming Continental Casualty Insurance Co., Coca-Cola Enterprises, Inc. and Beverly Kitchen as defendants. The defendants filed a Motion for Summary Judgment seeking a dismissal of Mr. Bah's claim against them on the basis that Ms. Kitchen did not breach any duty owed to Mr. Bah. The defendants' motion was granted on January 21, 2005 dismissing all claims against them. It is from this judgment Mr. Bah takes the instant appeal.

Standard of Review
In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Id. at 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank, 98-0465 (La.App. 4 Cir.10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). This standard of review requires the appellate court to look to the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to show that there is no genuine issue as to a material fact, and that the mover is entitled to a judgment as a matter of law. La. C.C.P. art. 966(B). To affirm summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Monts v. Board of Supervisors of the Louisiana State University, XXXX-XXXX, (La.App. 4 Cir. 2/27/02), 812 So.2d 787; Washington v. State, Dept. of Transp. & Development, 95-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47. Canal 66 Partnership v. Reynoir XXXX-XXXX (La.App. 4 Cir. 1/15/03) 838 So.2d 52, 54-55.

Assignments of Error
In his first assignment of error, Mr. Bah maintains that there are genuine issues of material fact in dispute, which preclude summary judgment on the issue of liability. He maintains that Ms. Kitchen breached several duties giving rise to negligence under the duty/risk analysis. Mr. Bah argues that under La. Civ.Code *632 art 2323, Ms. Kitchen should be found to be at least comparatively at fault for the accident.
The Appellees maintain that Ms. Kitchen did not owe a duty to Mr. Bah, but rather, Mr. Bah owed that duty to Ms. Kitchen and relies on Emmco Insurance Company v. Carambat, 145 So.2d 83 (La. App. 4th Cir.1962) wherein the Court concluded that the party that entered the intersection was negligent, "even under his own version of the facts."
In his second assignment of error, Mr. Bah maintains that the district court committed legal error in granting summary judgment on the issue of liability without apportioning fault between the parties.
It is the duty of this Court to review the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to show that there is no genuine issue as to a material fact, and that the mover is entitled to a judgment as a matter of law. La. C.C.P. art. 966(B). The issues raised by Mr. Bah are encompassed in the primary issue as to whether the district court erred in granting summary judgment in favor of the Appellants. We find that this is the sole issue for review in light of the judgment dated February 2, 2005. A review of the record before us establishes that Mr. Bah testified in a deposition that there was nothing obstructing his view onto Woodland Highway, although he testified that he was stopped for approximately 40 seconds at the stop sign prior to making a right turn onto Woodland.
Further, Officer Rhonda Hill testified by deposition that Mr. Bah was cited for failure to yield.
The Appellees filed a Statement of Uncontested Facts in district court attesting to the above facts. However, in district court Mr. Bah submitted deposition testimony of Ms. Kitchen by which counsel for Mr. Bah concluded that "[a]ll these things are subjective, and you (Ms. Kitchen) can be telling the truth as you know it and Allaye (Mr. Bah) can be telling the truth as he knows it. . ." indicating that if Ms. Kitchen could not attest to the fact the Mr. Bah failed to stop at the stop sign, there is a genuine issue of material fact.
The duty of a motorist when approaching a stop sign is mandated in La.R.S. 32:123 which provides in relevant part:
A. Preferential right of way at an intersection may be indicated by stop signs or yield signs. B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.
When a motorist is confronted with a stop sign at an intersection, it is his duty to come to a complete stop, to observe traffic, and to make certain that the way is clear before proceeding. Coleman v. Rabon, 561 So.2d 897 (La.App. 2 Cir. 1990), writ denied, 567 So.2d 617(La.); Vallery v. State Through Dept. of Transp. and Dev., 480 So.2d 818 (La. App. 3 Cir.1985), writ denied, 481 So.2d 1350 (La.1986).
In Steward v. Spears 557 So.2d 1038, 1039 (La.App. 4 Cir.,1990), the court found that "It was plaintiff's duty to stop *633 and make certain that the way was clear before driving through the intersection." Trahan v. Williams, 275 So.2d 838 (La. App. 4th Cir.1973); Danos v. Forsythe, 205 So.2d 821 (La.App. 4th Cir.1968). A motorist traveling with the right-of-way has the right to expect or assume that a vehicle approaching an intersection from a street burdened with a stop sign will in fact stop, even when it is a "blind" intersection. Westchester Fire Insurance Company v. Dardar, 158 So.2d 239, 242 (La. App. 4th Cir.1963).
While Steward is distinguishable from the instant case, because Mr. Bah admitted that he was not at a "blind" intersection, the theory applies just as well. The district court dismissed Mr. Bah's claims against the Appellees because in light of the pleadings before it, the argument that a genuine issue of material fact remains is without support.

Decree
For the reasons stated herein, we affirm the judgment of the district court granting the Appellees' Motion for Summary Judgment resulting in the dismissal of Allaye Bah's claims.
AFFIRMED.
MURRAY, J., dissents with reasons.
MURRAY, J., Dissenting.
Although most, if not all, the fault appears to be on the part of Mr. Bah, the record does not rule out the possibility of some fault on the part of Ms. Kitchen. From the testimony in the record it cannot be determined how long Mr. Bah was in the intersection before the collision. Mr. Bah testified in his deposition that before entering the intersection he stopped at the stop sign and did not see any traffic approaching. Ms. Kitchen acknowledged in her deposition testimony that she did not see if Mr. Bah stopped at the stop sign. Rather, she testified that she first saw Mr. Bah when he was in her path. Although Ms. Kitchen testified there was nothing she could do to avoid the accident, whether she was keeping a proper lookout and whether she acted reasonably under the circumstances are factual issues inappropriate for summary judgment. For these reasons, I respectfully dissent.
NOTES
[1] There is conflicting testimony. Ms. Kitchen avers that Mr. Bah was attempting to go straight across Woodland Highway.